UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AKEEM WILLIAMS,<br><br>                    Plaintiff,<br><br>          -against-<br><br>DEPARTMENT OF CORRECTIONS, et al.,<br><br>                    Defendants. | ORDER<br><br>1:25-CV-9107 (LTS) |
| SHANE CAMPBELL,<br><br>                    Plaintiff,<br><br>          -against-<br><br>DEPARTMENT OF CORRECTIONS, et al.,<br><br>                    Defendants. | 1:25-CV-9109 (LTS) |
| ERICK CASTILLO,<br><br>                    Plaintiff,<br><br>          -against-<br><br>DEPARTMENT OF CORRECTIONS, et al.,<br><br>                    Defendants. | 1:25-CV-9110 (LTS) |
| LAWSHAWN DELIMA,<br><br>                    Plaintiff,<br><br>          -against-<br><br>DEPARTMENT OF CORRECTIONS, et al.,<br><br>                    Defendants. | 1:25-CV-9111 (LTS) |

DENZEL GARY,

                Plaintiff,

           -against-

DEPARTMENT OF CORRECTIONS, et al.,

               Defendants.

1:25-CV-9114 (LTS)

---

KEITH DOUGLAS,

                Plaintiff,

           -against-

DEPARTMENT OF CORRECTIONS, et al.,

               Defendants.

1:25-CV-9115 (LTS)

---

ADONIS DURAN,

                Plaintiff,

           -against-

DEPARTMENT OF CORRECTIONS, et al.,

               Defendants.

1:25-CV-9117 (LTS)

---

AMAD EDWARDS,

                Plaintiff,

           -against-

DEPARTMENT OF CORRECTIONS, et al.,

               Defendants.

1:25-CV-9118 (LTS)

2

| | |
|---|---|
| ISHMILL FATE,<br><br>                    Plaintiff,<br><br>          -against-<br><br>DEPARTMENT OF CORRECTIONS, et al.,<br><br>                    Defendants. | 1:25-CV-9119 (LTS) |
| MICHAEL FIELDS,<br><br>                    Plaintiff,<br><br>          -against-<br><br>DEPARTMENT OF CORRECTIONS, et al.,<br><br>                    Defendants. | 1:25-CV-9121 (LTS) |
| MARK GREEN,<br><br>                    Plaintiff,<br><br>          -against-<br><br>DEPARTMENT OF CORRECTIONS, et al.,<br><br>                    Defendants. | 1:25-CV-9122 (LTS) |
| JORDAN HANNAH,<br><br>                    Plaintiff,<br><br>          -against-<br><br>DEPARTMENT OF CORRECTIONS, et al.,<br><br>                    Defendants. | 1:25-CV-9123 (LTS) |

| | |
|---|---|
| CHARLES HERNANDEZ,<br><br>        Plaintiff,<br><br>    -against-<br><br>DEPARTMENT OF CORRECTIONS, et al.,<br><br>        Defendants. | 1:25-CV-9124 (LTS) |
| JAMEL WILLIAMS,<br><br>        Plaintiff,<br><br>    -against-<br><br>DEPARTMENT OF CORRECTIONS, et al.,<br><br>        Defendants. | 1:25-CV-9125 (LTS) |
| MORIYAH LEWIS,<br><br>        Plaintiff,<br><br>    -against-<br><br>DEPARTMENT OF CORRECTIONS, et al.,<br><br>        Defendants. | 1:25-CV-9126 (LTS) |
| ANTHONY MALDONADO,<br><br>        Plaintiff,<br><br>    -against-<br><br>DEPARTMENT OF CORRECTIONS, et al.,<br><br>        Defendants. | 1:25-CV-9127 (LTS) |

| | |
|---|---|
| SOLNE MARTINEZ, <br><br>                     Plaintiff, <br><br>            -against- <br><br> DEPARTMENT OF CORRECTIONS, et al., <br><br>                     Defendants. | 1:25-CV-9132 (LTS) |
| ELIJAH NORRIS, <br><br>                     Plaintiff, <br><br>            -against- <br><br> DEPARTMENT OF CORRECTIONS, et al., <br><br>                     Defendants. | 1:25-CV-9133 (LTS) |
| LIVINGSTON PAGUANDAS, <br><br>                     Plaintiff, <br><br>            -against- <br><br> DEPARTMENT OF CORRECTIONS, et al., <br><br>                     Defendants. | 1:25-CV-9134 (LTS) |
| STEVEN RAPHAEL, <br><br>                     Plaintiff, <br><br>            -against- <br><br> DEPARTMENT OF CORRECTIONS, et al., <br><br>                     Defendants. | 1:25-CV-9136 (LTS) |

| | |
|---|---|
| TERRENCE REED,<br><br>          Plaintiff,<br><br>    -against-<br><br>DEPARTMENT OF CORRECTIONS, et al.,<br><br>          Defendants. | 1:25-CV-9137 (LTS) |
| IBN ROBINSON,<br><br>          Plaintiff,<br><br>    -against-<br><br>DEPARTMENT OF CORRECTIONS, et al.,<br><br>          Defendants. | 1:25-CV-9138 (LTS) |
| QUAVEON ROSS,<br><br>          Plaintiff,<br><br>    -against-<br><br>DEPARTMENT OF CORRECTIONS, et al.,<br><br>          Defendants. | 1:25-CV-9139 (LTS) |
| KISEAN SAMUELS,<br><br>          Plaintiff,<br><br>    -against-<br><br>DEPARTMENT OF CORRECTIONS, et al.,<br><br>          Defendants. | 1:25-CV-9140 (LTS) |

| | |
|---|---|
| ASHAUNTE SCOTT,<br><br>                    Plaintiff,<br><br>          -against-<br><br>DEPARTMENT OF CORRECTIONS, et al.,<br><br>                    Defendants. | 1:25-CV-9141 (LTS) |
| MARLY SENAT,<br><br>                    Plaintiff,<br><br>          -against-<br><br>DEPARTMENT OF CORRECTIONS, et al.,<br><br>                    Defendants. | 1:25-CV-9142 (LTS) |
| LUIS ZAPATA,<br><br>                    Plaintiff,<br><br>          -against-<br><br>DEPARTMENT OF CORRECTIONS, et al.,<br><br>                    Defendants. | 1:25-CV-9143 (LTS) |

LAURA TAYLOR SWAIN, Chief United States District Judge:

By Order dated October 30, 2025, the Court severed from a pending civil action known as *White v. Dep't of Corrs.*, 1:25-CV-8711 (LTS), the claims of the 27 plaintiffs named in that civil action, other than Plaintiff Robert White, and directed the Clerk of Court to open a new civil action for each of these 27 other plaintiffs. *White v. Dep't of Corrs.*, ECF 1;25-CV-8711, 6 (S.D.N.Y. Oct. 30, 2025). In that same Order, the Court directed the Clerk of Court to file a copy of the *White* complaint, as well as a copy of that Order, in each of the 27 severed civil actions opened pursuant to that Order. (*Id.*) The Court informed these 27 plaintiffs, all of whom are incarcerated and proceeding *pro se*, that, once the Clerk of Court opened the new civil actions,

7

the Court would direct each of them to file signed complaint signature pages and to either pay the requisite fees to bring their respective civil actions or complete, sign, and submit *in forma pauperis* ("IFP") applications and prisoner authorizations. (*Id.*) The Clerk of Court has now opened these 27 new civil actions—the caption of each action is listed above with its corresponding plaintiff and docket number.

For the reasons discussed below, within 30 days of the date of this Order, each of these 27 plaintiffs must: (1) submit a signed complaint signature page in their respective civil action; and (2) either pay the $405.00 in fees that are required to file a separate civil action in this court or complete, sign, and submit an IFP application and prisoner authorization.

**A.    Signature**

None of the abovementioned 27 plaintiffs signed the complaint which commenced *White*, 1:25-CV-8711 (LTS). Rule 11(a) of the Federal Rules of Civil Procedure provides that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented." The Supreme Court of the United States has interpreted Rule 11(a) to require "as it did in John Hancock's day, a name handwritten (or a mark handplaced)." *Becker v. Montgomery*, 532 U.S. 757, 764 (2001).

Accordingly, the Court directs each of the abovementioned 27 plaintiffs to: (1) sign the attached complaint signature page with his original signature; (2) list on the complaint signature page the abovementioned docket number that corresponds to his newly opened severed civil action; and (3) submit it to the court within 30 days of the date of this Order. Each of the abovementioned 27 plaintiffs must submit their own signed complaint signature page with their corresponding docket number; one complaint signature page per plaintiff. If any of the

8

abovementioned 27 plaintiffs fails to comply with these instructions within the time allowed, the Court will dismiss that plaintiff's action.

**B.    Fees, IFP application, and prisoner authorization**

To proceed with the civil action that a prisoner brings in this court, the prisoner must either pay $405.00 in fees—a $350.00 filing fee plus a $55.00 administrative fee—or, to request authorization to proceed IFP, that is, without prepayment of fees, submit a completed and signed IFP application and a completed and signed prisoner authorization. *See* 28 U.S.C. §§ 1914, 1915. If the Court grants a prisoner's IFP application, the Prison Litigation Reform Act requires the court to collect the $350.00 filing fee in installments deducted from the prisoner's facility trust fund account. *See* § 1915(b)(1). A prisoner seeking to proceed in this court without prepayment of fees must therefore authorize the court to withdraw these payments from his facility trust fund account by filing a "prisoner authorization," which directs the facility where the prisoner is incarcerated to deduct the $350.00 filing fee[1] from the prisoner's facility trust fund account in installments and to send to the court certified copies of the prisoner's facility trust fund account statements for the past six months. *See* § 1915(a)(2), (b).

None of the abovementioned 27 plaintiffs has either paid the $405.00 fees to bring his severed civil action in this court or completed, signed, and submitted an IFP application and a prisoner authorization. Accordingly, within 30 days of the date of this Order, each of the abovementioned 27 plaintiffs must either: (1) pay the $405.00 in fees to bring his own severed civil action in this court; or (2) complete, sign, and submit the attached IFP application and prisoner authorization forms. If any of the abovementioned 27 plaintiffs submits an IFP

---

[1] The $55.00 administrative fee for filing a federal civil action does not apply to persons granted IFP status under 28 U.S.C. § 1915.

application and prisoner authorization, both their IFP application and prisoner authorization should be labeled with the docket number that corresponds to the caption above in which their name is listed.[2] If any of the abovementioned 27 plaintiffs fails to comply with this Order within the time allowed, the Court will dismiss that plaintiff's civil action.

## CONCLUSION

The Court directs each of the abovementioned 27 plaintiffs, within 30 days of the date of this Order, to comply with the instructions listed above with respect to his own newly opened severed civil action. If any of these plaintiffs fails to comply within the time allowed, the Court will dismiss that plaintiff's civil action.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated:   November 12, 2025
         New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

---

[2] The Court cautions all of the abovementioned 27 plaintiffs that, if a prisoner files a federal civil action that is dismissed as malicious, frivolous, or for failure to state a claim on which relief may be granted, that dismissal is a "strike" under 28 U.S.C. § 1915(g). A prisoner who receives three "strikes" cannot file federal civil actions IFP as a prisoner, unless he is under imminent danger of serious physical injury, and must pay the fees to bring a federal civil action any time he files a new federal civil action as a prisoner.

10

## V.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Street Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

| | |
|---|---|
| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:
☐ Yes    ☐ No

    If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.

Page 7

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

_____

(full name of the plaintiff or petitioner applying (each person must submit a separate application))

-against-

_____

(full name(s) of the defendant(s)/respondent(s))

_____ CV _____ (   ) (   )

(Provide docket number, if available; if filing this with your complaint, you will not yet have a docket number.)

I am a plaintiff/petitioner in this case and declare that I am unable to pay the costs of these proceedings and I believe that I am entitled to the relief requested in this action. In support of this application to proceed *in forma pauperis* (IFP) (without prepaying fees or costs), I declare that the responses below are true:

1. *Are you incarcerated?*  ☐ Yes  ☐ No  (If "No," go to Question 2.)

   I am being held at: _____

   Do you receive any payment from this institution?  ☐ Yes  ☐ No

   Monthly amount: _____

   If I am a prisoner, *see* 28 U.S.C. § 1915(h), I have attached to this document a "Prisoner Authorization" directing the facility where I am incarcerated to deduct the filing fee from my account in installments and to send to the Court certified copies of my account statements for the past six months. *See* 28 U.S.C. § 1915(a)(2), (b). I understand that this means that I will be required to pay the full filing fee.

2. Are you presently employed?  ☐ Yes  ☐ No

   If "yes," my employer's name and address are:

   Gross monthly pay or wages: _____

   If "no," what was your last date of employment? _____

   Gross monthly wages at the time: _____

3. In addition to your income stated above (which you should not repeat here), have you or anyone else living at the same residence as you received more than $200 in the past 12 months from any of the following sources? Check all that apply.

   (a) Business, profession, or other self-employment  ☐ Yes  ☐ No
   (b) Rent payments, interest, or dividends  ☐ Yes  ☐ No

SDNY Rev: 8/5/2015

(c) Pension, annuity, or life insurance payments ☐ Yes ☐ No

(d) Disability or worker's compensation payments ☐ Yes ☐ No

(e) Gifts or inheritances ☐ Yes ☐ No

(f) Any other public benefits (unemployment, social security, food stamps, veteran's, etc.) ☐ Yes ☐ No

(g) Any other sources ☐ Yes ☐ No

If you answered "Yes" to any question above, describe below or on separate pages each source of money and state the amount that you received and what you expect to receive in the future.

If you answered "No" to all of the questions above, explain how you are paying your expenses:

4. How much money do you have in cash or in a checking, savings, or inmate account?

5. Do you own any automobile, real estate, stock, bond, security, trust, jewelry, art work, or other financial instrument or thing of value, including any item of value held in someone else's name? If so, describe the property and its approximate value:

6. Do you have any housing, transportation, utilities, or loan payments, or other regular monthly expenses? If so, describe and provide the amount of the monthly expense:

7. List all people who are dependent on you for support, your relationship with each person, and how much you contribute to their support (only provide initials for minors under 18):

8. Do you have any debts or financial obligations not described above? If so, describe the amounts owed and to whom they are payable:

*Declaration:* I declare under penalty of perjury that the above information is true. I understand that a false statement may result in a dismissal of my claims.

_____
Dated

_____
Signature

_____
Name (Last, First, MI)

_____
Prison Identification # (if incarcerated)

_____
Address          City

_____
State     Zip Code

_____
Telephone Number

_____
E-mail Address (if available)

IFP Application, page 2

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF NEW YORK

_____
(full name of the plaintiff/petitioner)

-against-

_____

_____
(full name(s) of the defendant(s)/respondent(s))

CV _____ (   ) (   )

(Provide docket number, if available; if filing this with your complaint, you will not yet have a docket number.)

### PRISONER AUTHORIZATION

By signing below, I acknowledge that:

(1)   because I filed this action as a prisoner,[1] I am required by statute (28 U.S.C. § 1915) to pay the full filing fees for this case, even if I am granted the right to proceed *in forma pauperis* (IFP), that is, without prepayment of fees;

(2)   the full $350 filing fee will be deducted in installments from my prison account, even if my case is dismissed or I voluntarily withdraw it.

I authorize the agency holding me in custody to:

(1)   send a certified copy of my prison trust fund account statement for the past six months (from my current institution or any institution in which I was incarcerated during the past six months);

(2)   calculate the amounts specified by 28 U.S.C. § 1915(b), deduct those amounts from my prison trust fund, and disburse those amounts to the Court.

This authorization applies to any agency into whose custody I may be transferred and to any other district court to which my case may be transferred.

_____          _____
Date                                                          Signature

_____          _____
Name (Last, First, MI)                                  Prison Identification #

_____          _____
Address                          City                          State        Zip Code

_____

[1] A "prisoner" is "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h).

SDNY Rev. 10/26/16